FILED
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 28 2022 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

cv 22 - 1717

------------------------------------------------------------------------X

GIL CAMACHO,                                                Docket No.

                                        Plaintiff,          **PETITION FOR
                                                            REMOVAL**
            -against-
                                                            MATSUMOTO, J.
JORGE HERNANDEZ-DELGADO and MTLR CORP.,
                                                            KUO, M.J.
                                        Defendants.

------------------------------------------------------------------------X

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
        COURT FOR THE EASTERN DISTRICT OF NEW YORK**

The Petitioners, **JORGE HERNANDEZ-DELGADO** and **MTLR CORP.**, defendants in

this action, by their attorneys, CAMACHO MAURO MULHOLLAND, LLP, respectfully

shows this Court:

        1.      The Petitioners are defendants in the instant action.

        2.      An action was commenced by Summons and Complaint dated February 3,

2022, against the Petitioner in the Supreme Court, County of Kings, entitled *Gil Camacho v.*

*Jorge Hernandez-Delgado and MTLR CORP.,* a copy of the Summons and Complaint is

annexed hereto as **Exhibit "A"**.

        3.      This Summons and Complaint was, according to the affidavit of service, served

upon MTLR CORP, and JORGE HERNANDEZ-DELGADO on or about February 22, 2022.

        4.      Attached hereto as **Exhibit "B"** is a copy of the proposed answer and

affirmative defenses.

        5.      The above described action is one in which this Court has original jurisdiction

under the provisions of 28 U.S.C. §1332, and is one that may be removed to this Court by

Petitioner, the defendants herein, pursuant to the provision of 28 U.S.C. §1441, in that it is a

civil action and the plaintiff alleges that the matter in controversy exceeds the value of

$75,000.00 (seventy-five thousand dollars) exclusive of interest and costs, and is between citizens of different states.

6.    The plaintiff resides in the State of New York, County of Kings.

7.    Petitioner, MTLR CORP. at the time the action was commenced, has a principal place of business in, Essex County, Newark, New Jersey.

8.    Petitioner, JORGE HERNANDEZ-DELGADO, at the time the action was commenced, resided at 600 Fulton Street, Elizabeth, New Jersey, 07206.

8.    WHEREFORE, petitioners, **JORGE HERNANDEZ-DELGADO** and **MTLR CORP**, pray that the action now pending against it in the Supreme Court of the State of New York, County of Kings, be removed therefrom to the United States District Court for the Eastern District of New York, and for such other and further relief this Court deems just and proper.

Dated:  New York, New York
        March 24, 2022

CAMACHO MAURO MULHOLLAND, LLP

_____

Paola J. Trujillo
Attorneys for Defendants:
Jorge Hernandez-Delgado and MTLR, Corp.
40 Wall Street l 41st Floor
New York, NY 10005
(212) 947-4999
Our File No.: UTMY-5161-P

To: (See Affidavit Attached)

STATE OF NEW YORK)
COUNTY OF NEW YORK) ss:

Thomas Chung being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Queens, New York.

That on March 24, 2022 deponent served the within **_Notice of Removal and Petition For Removal with Exhibits_** upon the attorneys/individuals listed below, at his/her/its addresses which were so designated by said attorneys for said purpose, by depositing a true copy of same enclosed in a post paid properly addressed wrapper in a post office under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:

      Blumen & Shayne, PLLC
      2916 Shell Road, 5th Floor
      Brooklyn, New York 11224
      Attorneys for Plaintiffs

                                           Thomas Chung

Sworn to before me this
24th day of March, 2022

Paola J Trujillo
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02TR6361678
Qualified in Queens County
Commission Expires July 17, 2025

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.: _____

Date Filed: _____

-------------------------------------------------------------------x

GIL CAMACHO,

**SUMMONS**

                        Plaintiff,

    -against-

Plaintiff designates
Kings County as venue for trial.
Basis of venue is:
Plaintiff's residence/ Place of
Occurrence CPLR 503 (a)

JORGE HERNANDEZ-DELGADO and MTLR, Corp.,

                        Defendants.

-------------------------------------------------------------------x

To the above named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
       February 3, 2022

                        BLUMEN & SHAYNE, PLLC.

                        By: _____
                        Katherine Braver-Shayne
                        2916 Shell Road, 5th Floor
                        Brooklyn, New York 11224
                        Telephone: (718) 618-0462

TO:

**JORGE HERNANDEZ-DELGADO: 600 FULTON STREET ELIZABETH, NJ 07206**

**MTLR CORP: 41-65 DOREMUS AVENUE, NEWARK, NJ 07105**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS                                    Index No.: _____
-------------------------------------------------------------------x   Date Filed: _____

GIL CAMACHO,                                       **VERIFIED COMPLAINT**

                            Plaintiff,

            -against-

JORGE HERNANDEZ-DELGADO and MTLR CORP.,

                            Defendants.
-------------------------------------------------------------------x

        Plaintiff, **GIL CAMACHO**, by his attorneys, BLUMEN & SHAYNE, PLLC. complaining

of the defendants, alleges as follows:

1.      At all times mentioned herein, plaintiff **GIL CAMACHO ("CAMACHO")** was and is still

a resident of the State of New York, Kings County.

2.      At all times mentioned herein, plaintiff **CAMACHO** was and is over the age of 18 years

old.

3.      That on November 25, 2021, at or about 3:45 p.m. plaintiff **CAMACHO** was a pedestrian.

4.      At all times mentioned herein, defendant **JORGE HERNANDEZ-DELGADO** was and is over

the age of 18 years old.

5.      That on November 25, 2021, at or about 3:45 p.m. defendant **JORGE HERNANDEZ-
DELGADO** was the operator of a Freightliner Truck bearing New Jersey State license plate number

AR716D.

6.      That on November 25, 2021, at or about 3:45 p.m. defendant **JORGE HERNANDEZ-
DELGADO** was the operator of a Freightliner Truck.

7.      That on November 25, 2021, at or about 3:45 p.m. defendant **JORGE HERNANDEZ-
DELGADO** was the operator of a Freightliner Truck bearing New Jersey State license plate number

AR716D with the permission and consent of its owner, **MTLR CORP.**

8.      At all times mentioned here in, defendant **MTLR CORP.** was and is a foreign business corporation licensed to do business in New York State with a designated County of Kings.

9.      That on November 25, 2021, at or about 3:45 p.m. defendant **JORGE HERNANDEZ-DELGADO** was an employee of defendant **MTLR CORP.**

10.     That on November 25, 2021, at or about 3:45 p.m. defendant **JORGE HERNANDEZ-DELGADO** was operating said Freightliner Truck in the scope of his employment with defendant **MTLR CORP.**

11.     That on November 25, 2021, at or about 3:45 p.m. the vehicle operated by defendant **JORGE HERNANDEZ-DELGADO** and owned by defendant **MTLR CORP.** struck the stationary disabled pedestrian plaintiff within the pedestrian crosswalk - just by the sidewalk edge - as Defendant turned right at Flushing Avenue about its intersection with Lee Avenue, Kings County, New York.

12.     That defendant **JORGE HERNANDEZ-DELGADO** failed to use reasonable care under the circumstances and keep a proper lookout in order to avoid the subject collision, thereby causing the collision.

13.     That defendant **JORGE HERNANDEZ-DELGADO** negligently failed to avoid the November 25, 2021 occurrence although there was a reasonable opportunity to do so.

14.     That defendant **JORGE HERNANDEZ-DELGADO** violated the New York Vehicle and Traffic Laws, including sections 1146 and 1160 as well as the Rules of the City of New York section 4-04 thereby solely causing the collision.

15.     The investigating police officer cited Defendants for failing to yield the right of way and inattention/distraction as the contributing factors in causing this accident.

## AS AND FOR A FIRST CAUSE OF ACTION FOR PLAINTIFF CAMACHO

16.    Plaintiff repeats and re-alleges all the allegations contained in paragraphs 11-14 above as if set forth fully.

17.    That the aforesaid collision described in paragraphs 11-14 above was solely caused by defendant's negligence.

18.    That plaintiff **CAMACHO** shares no comparative fault and displayed no want of care for the subject collision.

19.    That as a direct result of defendant's negligence plaintiff **CAMACHO** was rendered sick, lame, unable to work, suffered mental anguish, emotional distress, pain and suffering, and loss of enjoyment in his life.

20.    That plaintiff **CAMACHO** was seriously and permanently injured under New York Insurance Law section 5102(d) solely as a result of defendant's negligence.

21.    That plaintiff **CAMACHO** will require medical attention for the rest of his life as a result of his aforesaid serious and permanent injuries.

22.    That as a direct result of defendant's negligence plaintiff **CAMACHO** sustained economic damages in excess of basic economic loss under New York Insurance Law section 5104.

23.    That by reason of the foregoing, plaintiff **CAMACHO** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

24.    That this action falls under one or more of the exceptions of Article 1602 of New York's CPLR.

WHEREFORE, the plaintiff **GIL CAMACHO** demands judgment against the above-named defendants, individually and collectively, in an amount which exceeds the jurisdictional

limits of all lower courts that would otherwise have jurisdiction, together with costs and

disbursements of this action, and such other and further relief that this Court deems just and

proper.

Dated: Brooklyn, New York
February 3, 2022

Katherine Braver-Shayne
BLUMEN & SHAYNE, PLLC.
Attorneys for Plaintiff
**GIL CAMACHO**
2916 Shell Road, 5th Floor
Brooklyn, New York 11224
Telephone: (718) 618-0462

## ATTORNEY VERIFICATION

State of New York        }
                         } SS:
County of KINGS          }

I, the undersigned, an attorney admitted to practice in the courts of the State of New York, and am associated with the law firm of BLUMEN & SHAYNE, PLLC. state that BLUMEN & SHAYNE, PLLC. are the attorneys of record for the plaintiff **GIL CAMACHO** in the within action. I have read the foregoing

### SUMMONS AND VERIFIED COMPLAINT

in the within action and know the contents thereof, the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. The reason this verification is made by the undersigned attorney and not by the plaintiff is that the plaintiff is currently unavailable.

The grounds of my belief as to those matters therein not stated upon knowledge is based upon facts, records, and other pertinent information contained in our legal files maintained in the ordinary course of business.

DATED:      Brooklyn, New York
            February 3, 2022

Katherine Braver-Shayne

Case 1:22-cv-01717-KAM-RK Document 1-1 Filed 03/28/22 Page 11 of 19 PageID #: 11

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

GIL CAMACHO,

                                    Plaintiff,

        -against-

JORGE HERNANDEZ-DELGADO and MTLR CORP.,

                                    Defendants.

## SUMMONS AND VERIFIED COMPLAINT

# BLUMEN & SHAYNE, PLLC.

*Attorneys for Plaintiff*
2916 Shell Road, 5th Floor
Brooklyn, New York 11224
(718) 618-0462

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: February 3, 2022*

                              Signature:_____
                              Print Signer's Name: DOUGLAS SHAYNE, ESQ.

To:

**JORGE HERNANDEZ-DELGADO: 600 FULTON STREET ELIZABETH, NJ 07206**

**MTLR CORP: 41-65 DOREMUS AVENUE, NEWARK, NJ 07105**

Service of a copy of the within
is hereby admitted.
Dated,

.................................................................................
Attorney(s) for

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GIL CAMACHO,                                                       Docket No.

                                        Plaintiff,              **VERIFIED**
                    -against-                                   **ANSWER**

JORGE HERNANDEZ-DELGADO and MTLR CORP.,

                                        Defendants.
-----------------------------------------------------------------------X

      Defendants, **JORGE HERNANDEZ-DELGADO** and **MTLR CORP.**, by their

attorneys, CAMACHO MAURO MULHOLLAND, LLP, as and for their Verified Answer to

the plaintiff's Verified Complaint, respectfully alleges:

      1.    Deny knowledge and information sufficient to form a belief as to the truth of

this allegation.

      2.    Deny knowledge and information sufficient to form a belief as to the truth of

this allegation.

      3.    Deny knowledge and information sufficient to form a belief as to the truth of

this allegation.

      4.    Deny knowledge and information sufficient to form a belief as to the truth of

this allegation,

      5.    Deny except admit that, on November 25, 2021, defendant JORGE-

HERNANDEZ DELGADO was an operator of a Freightliner Truck.

      6.    Deny except admit that, on November 25, 2021, defendant JORGE-

HERNANDEZ DELGADO was an operator of a Freightliner Truck.

      7.    Deny knowledge and information sufficient to form a belief as to the truth of

this allegation and leaves all matters of law to the honorable court.

      8.    Deny except admit that defendant MTLR CORP. is a foreign business

corporation with a place of business in Essex County, Newark, New Jersey.

9.      Deny.

10.     Deny knowledge and information sufficient to form a belief as to the truth of this allegation and leaves all matters of law to the honorable court.

11.     Deny

12.     Deny.

13.     Deny.

14.     Deny.

15.     Deny.

**AS AND FOR A FIRST CAUSE OF ACTION FOR PLAINTIFF CAMACHO**

16.     Defendants JORGE HERNANDEZ-DELGADO and MTLR CORP. repeat and reiterate each and every denial heretofore made in this answer to the paragraphs of the complaint designated "1" through "15" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the complaint designated "16".

17.     Deny.

18.     Deny.

19.     Deny.

20.     Deny.

21.     Deny.

22.     Deny.

23.     Deny.

24.     Deny.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

The defendants not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the

defenses of accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

<strong>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</strong>

The complaint fails to state a claim upon which relief may be granted.

<strong>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</strong>

Pursuant to CPLR Article 16, the liability of defendants, JORGE HERNANDEZ-DELGADO and MTLR CORP, to the plaintiff herein for non-economic loss is limited to defendants, JORGE HERNANDEZ-DELGADO and MTLR CORP, equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.

<strong>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</strong>

Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable certainty, be replaced or indemnified in whole or in part from collateral sources. Any award made to plaintiff shall be reduced in accordance with the provisions of CPLR 4545.

<strong>AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</strong>

Any damages sustained by the plaintiff was caused by the culpable conduct of the plaintiff, including contributory negligence, assumption of risks, breach of contract and not by the culpable conduct or negligence of this answering defendant. But if a verdict of judgment is awarded to the plaintiff, then and in that event the damages shall be reduced in

the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged loss and damage, if any, resulted wholly and solely from the fault, neglect and want of care of the plaintiff or persons or parties other than defendants, for whose acts said defendants are not liable or responsible and not as a result of any negligence.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendants are entitled to a set-off if any tort feasor has or will settle with plaintiff pursuant to G.O.L. 15-108.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

The injuries sustained by plaintiff, if any, were not proximately caused by any act of omission of answering defendants.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

That plaintiff does not have a "serious injury" as defined in §5104 et. seq. of the New York Insurance Law and is therefore barred from maintaining this action.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

That by entering into the activity in which the plaintiff(s) was engaged at the time of the occurrence set forth in the complaint, said plaintiff(s) knew the hazards thereof and the inherent risks incident thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by the plaintiff(s) herein as alleged in the complaint arose from and were caused by reason of such risks voluntarily undertaken by the plaintiff(s) in his activities and such risks were assumed and accepted by him in performing and engaging in said activities.

WHEREFORE, defendants, JORGE HERNANDEZ-DELGADO and MTLR CORP, demand judgment dismissing the complaint herein together with the costs and disbursements of this action.

Dated: New York, New York
      March 24, 2022

                        CAMACHO MAURO MULHOLLAND, LLP

                        _____

                        Paola J. Trujillo
                        Attorneys for Defendants:
                        Jorge Hernandez-Delgado and MTLR, Corp.
                        40 Wall Street I 41st Floor
                        New York, NY 10005
                        (212) 947-4999

To: (See Affidavit Attached)          Our File No.: UTMY-5221-P

## **ATTORNEY VERIFICATION**

STATE OF NEW YORK)
COUNTY OF NEW YORK) ss:

Paola Trujillo, being duly sworn deposes and says:

That she is the attorney for defendants, JORGE HERNANDEZ-DELGADO and MTLR CORP, in the within action; that she has read the within *Verified Answer* and knows the contents thereof; and, that same is true to her own knowledge except, and to the matters herein, stated to be alleged upon information and belief, as to those matters she believes it to be true.

That the sources of her information and knowledge are investigation and records on file.

That the reason this verification is being made by deponent, and not by defendants, is that defendants are not within the County where deponent has her office.

Dated: New York, New York
         March 24, 2022

_____
Paola J. Trujillo

Sworn to before me this
24th day of March, 2022

_____
Thomas Chung

THOMAS MENGER CHUNG
Notary Public, State of New York
Registration #01CH6204181
Qualified In New York County
Commission Expires April 13, 20__

STATE OF NEW YORK)
COUNTY OF NEW YORK) ss:

Thomas Chung, being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Queens County, New York.

That on March 24, 2022, deponent served the within *Verified Answer* upon the attorneys/individuals listed below, at his/her/its addresses which were so designated by said attorneys for said purpose, by E-filing and depositing a true copy of same enclosed in a post paid properly addressed wrapper in a post office under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:

Blumen & Shayne, PLLC
2916 Shell Road, 5th Floor
Brooklyn, New York 11224
Attorneys for Plaintiffs

Thomas Chung

Sworn to before me this
24th day of March, 2022

Paola J Trujillo
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02TR6361678
Qualified in Queens County
Commission Expires July 17 20 25